IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| GRAHAM-WHITE MANUFACTURING CO., a Virginia Corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>ELL-CON NATIONAL, INC.,<br>a New York Corporation,<br><br>                Defendant. | Civil Action No. 6:05-0396-HFF-WMC<br><br>**O R D E R** |

This matter is before the court on the motion of plaintiff Graham-White Manufacturing Co. to stay the instant case against defendant Ellcon-National, Inc. pending the outcome of reexamination proceedings involving U.S. Patent No. 6,427,811 (the "'811 patent"). The inventors of the '811 patent, entitled "Locomotive Parking Brake," have assigned all their rights, title, and interest in the patent to the plaintiff. The plaintiff alleges that the defendant has in the past and continues to make, use, sell, or offer to sell locomotive parking brakes that embody the patented features of the '811 patent without authorization from the plaintiff, and thus the defendant has infringed the patent. The motion was referred to this court for disposition by the Honorable Henry F. Floyd, United States District Judge, on July 19, 2006.

## **BACKGROUND**

On March 2, 2006, the plaintiff filed a request for *ex parte* reexamination of the '811 patent with the United States Patent and Trademark Office ("USPTO"). The plaintiff asserted that prior art identified by the defendant may create a substantial new

question of patentability. An *ex parte* reexamination involves only the patent owner and the Patent Office; third parties are barred from participating. On March 14, 2006, the parties filed, and the court granted, a joint motion to stay the present litigation "[t]o avoid duplicative litigation at the expense of the parties and resources of the Court" (pl. m. to stay, ex. B). The joint motion provided that upon final resolution of any reexamination proceedings, the present litigation would continue with all pending motions, pending discovery, and other pre-trial matters to be completed. *Id.*

On April 3, 2006, the defendant filed a request for *inter partes* reexamination of the '811 patent. In an *inter partes* reexamination, both parties may participate. On May 19, 2006, the USPTO issued an order granting the plaintiff's request for *ex parte* reexamination of the '811 patent. On June 22, 2006, the USPTO denied the defendant's *inter parties* reexamination request (pl. m. to stay, ex. C). On July 10, 2006, the parties filed a supplemental joint status report. In the report, the parties indicated that the defendant would like to proceed with the present action, and the plaintiff would like to have the action dismissed without prejudice or stayed while the reexamination is pending. According to the defendant, it agreed to proceed with the original stay only when an *inter partes* reexamination, allowing both parties to participate, was still possible. The defendant contends that the plaintiff is attempting to strengthen the weaknesses in its patent by returning to the Patent Office by way of an *ex parte* reexamination in which the defendant will not be allowed to participate and argue regarding alleged inequitable conduct by the plaintiff during the prosecution of the '811 patent before the USPTO (def. resp. m. to stay 4-8).

## **ANALYSIS**

Federal courts have the inherent power to stay their proceedings pending the reexamination of a patent. *Gould v. Control Laser Corp.*, 705 F.2d. 1340, 1342 (Fed. Cir.

1983); *Ethicon v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). "There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness, Inc.*, 48 U.S.P.Q.2d 1058, 1060 (C.D. Cal. 1998) (citation omitted) (pl. m. to stay, ex. D).

District courts routinely grant a stay of proceedings pending reexamination, recognizing the many benefits and advantages that a stay provides. *See, e.g.*, *Bausch & Lomb, Inc. v. Alcon Labs., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996); *Emhart Indus., Inc. v. Sankyo Seiko Mfg. Co.*, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987) (pl. m. to stay, ex. E). In deciding whether to grant a stay, courts generally consider the following factors: 1) reduction of the burden on the parties and the court; 2) the stage of the litigation; and 3) any undue prejudice caused by the stay to the non-moving party. *See ASCII*, 844 F. Supp. at 1380; *Fisher Controls Co. v. Control Components, Inc.*, 443 F. Supp. 581, 583 (S.D. Iowa 1977); *Guthy-Renker*, 48 U.S.P.Q.2d at 1060-61; *Tap Pharm. Prods. V. Atrix Labs, Inc.*, 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004) (pl. m. to stay, ex. J).

The factors set forth above weigh in favor of granting the stay. The claims of the '811 patent must be interpreted in view of the prosecution file history. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). The prosecution history will necessarily include the reexamination proceeding. *Id.* Accordingly, as argued by the plaintiff:

> Following reexamination, the issues will likely be more focused and distilled for trial before a jury. At the very least, a stay pending the outcome of reexamination will facilitate the trial by providing the jury with the expert views of the USPTO and allowing the Court to resolve claim interpretation issues based on the full prosecution history of the '811 patent.

(Pl. m. to stay 7). The stage of litigation also weighs in favor of stay. While the case "is not in its infancy" as noted by the defendant, discovery is still ongoing, numerous

3

depositions remain, all expert discovery remains to be taken, trial preparation has not begun, and no summary judgment motions have been filed. Further, to the extent resources have been expended, any discovery that has been completed will be preserved.

The defendant argues that it will suffer prejudice if the case is stayed because "the validity of [the plaintiff's] patent could be strengthened and the issue of inequitable conduct could be swept completely under the table and avoided in an *ex parte* setting where [the plaintiff] controls the review process" (def. resp. m. to stay 3). The defendant argues that it has substantial evidence to support an inequitable conduct claim in this case. The defendant claims that one of the attorneys prosecuting the '811 patent told the USPTO that the inventors were not aware of certain prior art when, in fact, one of the inventors had been aware of such prior art (def. resp. m. to stay 4). Inequitable conduct is not an issue that can be addressed during reexamination. 37 C.F.R. § 1.555(c). Further, the plaintiff notes that a reexamination is conducted by the USPTO with "special dispatch," and should be well underway as the reexamination request was granted on May 19, 2006 (pl. m. to stay 9). 37 C.F.R. §1.550(a). The benefits clearly outweigh any burden to defendant brought about by further delay.

Wherefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion to stay the present litigation pending reexamination of the patent in suit is granted.

IT IS SO ORDERED.

                                         s/William M. Catoe
                                         United States Magistrate Judge

September 22, 2006

Greenville, South Carolina